```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  10/19/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WALTER BRANCH,

                         Plaintiff,

                -against-

ANTHONY J. ANNUCCI, Acting Commissioner for NYS Department of Corrections; NA-KIA WALTON, ADA Coordinator for NYS Department of Corrections; MR. GIBSON, Supervisor Sensorially Disabled Unit A; MS. LEWIS, Supervisor Sensorially Disabled Unit at Eastern C.F.,

                         Defendants.

20-CV-7968 (AJN)

ORDER OF SERVICE

ALISON J. NATHAN, United States District Judge:

      Plaintiff Walter Branch is currently incarcerated in Eastern Correctional Facility and proceeds *pro se*. He filed this application seeking relief for an alleged violation of the consent decree in *Clarkson v. Goord*, No. 91-CV-1792 (S.D.N.Y. June 6, 1996), which addresses treatment of sensorially impaired prisoners in custody of the New York State Department of Corrections and Community Supervision (DOCCS). By order dated Click here to enter a date., the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.[1]

## DISCUSSION

### A.    Class Counsel Directed to Respond

      On December 8, 2011, District Judge Robert W. Sweet issued an order in *Clarkson* summarizing procedures for prisoner applications related to the consent decree. *See Clarkson*,

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

No. 91-CV-1792 (RWS) (ECF No. 139). That order directed, among other things, that "if a formal complaint is filed with the Court alleging violations of the Consent Decree, Class Counsel will be notified." *Id.* The Court therefore directs the Clerk of Court to mail a copy of this order to class counsel for plaintiffs in *Clarkson*, 91-CV-1792.[2] The Court directs *Clarkson* class counsel to notify the Court within thirty days after service by mail of the order whether they intend to enter an appearance on behalf of Plaintiff in this action.

**B.      Service on Named Defendants**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the

---

[2] An email with a copy of the order will also be sent to *Clarkson* class counsel at the following email addresses: mzelermyer@legal-aid.org and sshort@legal-aid.org.

Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Acting DOCCS Commissioner Anthony J. Annucci, DOCCS ADA Coordinator Na-Kia Walton, and Supervisors Gibson and Lewis in the Sensorially Disabled Unit at Eastern Correctional Facility through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package. The Clerk of Court is further instructed to (1) mail a copy of this order to *Clarkson* class counsel at the following address: Milton Zelermyer and Stefen Russell Short, Legal Aid Society, 199 Water Street, 3rd Floor, New York, NY 10038; and (2) complete USM-285 forms with the addresses for Defendants Annucci, Walton, Gibson, and Lewis, and deliver to the U.S. Marshals Service all documents necessary to effect service.

*Clarkson* class counsel is directed to notify the Court within 30 days of service of this order if they intend to enter an appearance on behalf of Plaintiff in this action.

Dated: October 14, 2020
New York, New York

*[signature]*

ALISON J. NATHAN
United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. Acting DOCCS Commissioner Anthony J. Annucci
   DOCCS, Bldg 2., State Campus
   Albany, New York 12226-2050

2. DOCCS ADA Coordinator Na-Kia Walton
   DOCCS, Bldg 2., State Campus
   Albany, New York 12226-2050

3. Supervisor Gibson, Sensorially Disabled Unit
   Eastern Correctional Facility
   30 Institution Rd
   P.O. Box 338
   Napanoch, NY 12458-0338

4. Supervisor Lewis, Sensorially Disabled Unit
   Eastern Correctional Facility
   30 Institution Rd
   P.O. Box 338
   Napanoch, NY 12458-0338