UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WALTER BRANCH,

                Plaintiff,

– against –

ANTHONY J. ANNUCCI, NA-KIN WALTON, MR. GIBSON, and LEWIS,

                Defendants.

**OPINION & ORDER**

20 Civ. 7968 (ER) (SN)

RAMOS, D.J.:

       Walter Branch filed this action *pro se* against Anthony J. Annucci, Na-Kin Walton, Mr. Gibson, and Lewis on September 25, 2020. Doc. 2. The complaint alleges that Defendants failed to provide Branch with reasonable accommodations for his hearing impairment while imprisoned at Eastern Correctional Facility in Napanoch, New York. *Id.* Defendants now move to dismiss the complaint under Fed. R. Civ. P. 12(b)(1), (3), and (6). Doc. 27. For the reasons set forth below, the motion to dismiss is DENIED and Branch's complaint is construed as a motion for contempt.

**I.    BACKGROUND**

       The following facts, unless otherwise noted, are based on the allegations in the complaint, Doc. 2, which the Court accepts as true for purposes of the instant motion. *See, e.g.*, *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012).

       Anthony Annucci is New York State Department of Corrections and Community Supervision ("DOCCS") Acting Commissioner. Na-Kia Walton is a DOCCS Americans with Disabilities Act ("ADA") Coordinator. Jason Gibson is a DOCCS Translator. Heidi Lewis is a DOCCS Instructor. Doc. 28 at 8.

Branch is severely hearing impaired. Doc. 2 at 4. Branch was assaulted by security personnel at the Wyoming Correctional Facility in Attica, New York in October 2019 during his incarceration. Doc. 2 at 5. Branch was subsequently subjected to disciplinary action. *Id.* While that disciplinary action was reversed and expunged, allegedly as a means of covering up the incident, Branch was then transferred to Eastern Correctional Facility. *Id.* However, Branch alleges that he was not provided with accommodations regarding his hearing impairment during the disciplinary proceedings in accordance with the *Clarkson* consent decree, *Clarkson v. Goord*, 91 Civ. 1792 (CM) and departmental policy.[1] *Id.* "The [c]onsent [d]ecree provides a wide range of relief to correct violations of hearing-impaired inmates' federal right[s]. . . . [It] requires [DOCCS] to provide deaf and hard-of-hearing inmates with the auxiliary aids, services and assistive devices necessary to facilitate full and effective participation in prison programs, activities and services." *Figueroa v. Dean*, 425 F. Supp. 2d 448, 450 (S.D.N.Y. 2006) (internal quotation marks and citation omitted).

While incarcerated at the Eastern Correctional Facility, Branch alleges that Annucci's employees and agents subjected him to numerous disciplinary actions in violation of the *Clarkson* consent decree and Departmental Directive 2612[2] by failing to provide accommodations. Doc. 2 at 5. Directive 2612 addresses "the needs of hearing-impaired inmates and tracks much of the language of the [*Clarkson*] [c]onsent [d]ecree." *Figueroa*, 425 F. Supp. 2d at 451. Branch also alleges that Mr. Gibson, the DOCCS translator, repeatedly refused to

---

[1] Defendants have provided a copy of the consent decree, Doc. 29-2, which the Court finds is incorporated into the complaint by reference since it is clearly and substantially referenced in the complaint. *See Mosdos Chofetz Chaim, Inc. v. Vill. of Wesley Hills*, 815 F. Supp. 2d 679, 691 (S.D.N.Y. 2011) (stating that to be incorporated into the complaint by reference, "the [c]omplaint must make a clear, definite and substantial reference to the documents") (internal quotation marks and citation omitted).

[2] Defendants have provided a copy of this directive titled "Inmates with Sensorial Disabilities," Doc. 29-3, which the Court also finds is incorporated into the complaint for the same reasons as stated in note 1.

provide him with reasonable accommodations such as headphones for his hearing impairment in violation of the *Clarkson* consent decree and the directives of the Sensorially Disabled United, the unit that provides for the special needs of visually and hearing-impaired incarcerated individuals, at Eastern Correctional Facility. Doc. 2 at 5. Further, he alleges that Na-Kia Walton, the ADA Coordinator, failed to investigate Branch's complaints and failed to ensure enforcement of the Clarkson consent decree. *Id.* at 4–5.

Branch requests that all his disciplinary dispositions be expunged if Defendants cannot establish that he was provided with accommodations during the proceedings in accordance with the *Clarkson* consent decree. *Id.* at 5. He also requests that all surcharge money related to his disciplinary actions be returned to him and that he be compensated the full cost of bringing this *pro se* action as well as $10 per day for each day he was confined as a result of such disciplinary actions. *Id.* at 5–6. Lastly, he seeks to be provided with all requested accommodations available at Eastern Correctional and any other facility to which he is sent. *Id.*

Defendants state that Branch was transferred from Eastern Correctional to Coxsackie Correctional Facility's regional medical unit in Coxsackie, New York on January 19, 2021. Doc. 28 at 8; Doc. 29-1 at 4.

## II.   LEGAL STANDARD

### A.   12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) requires that an action be dismissed for lack of subject matter jurisdiction when the district court lacks the statutory or constitutional power to adjudicate the case. The party asserting subject matter jurisdiction carries the burden of establishing, by a preponderance of the evidence, that jurisdiction exists. *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (quoting *Makarova v. United States*, 201

F.3d 110, 113 (2d Cir. 2000)). "On a Rule 12(b)(1) motion challenging the district court's subject matter jurisdiction, the court may resolve the disputed jurisdictional fact issues by referring to evidence outside of the pleadings . . . ." *Zappia Middle East Constr. Co. Ltd. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000). When evaluating a motion to dismiss for lack of subject matter jurisdiction, the court accepts all material factual allegations in the complaint as true but does not draw inferences from the complaint favorable to the plaintiff. *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004) (citing *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998)).

### B. 12(b)(3)

"When a defendant challenges either the jurisdiction or venue of the court, the plaintiff bears the burden of showing that both are proper." *Casville Invs., Ltd. v. Kates*, No. 12 Civ. 6968 (RA), 2013 WL 3465816, at *3, 2013 U.S. Dist. LEXIS 95426, at *10 (S.D.N.Y. July 8, 2013) (citing *DiStefano v. Carozzi N. Am., Inc.*, 286 F.3d 81, 84 (2d Cir. 2001); *Savoy Senior Hous. Corp. v. TRBC Ministries*, 401 B.R. 589, 596 (S.D.N.Y. 2009)). The "court may examine facts outside the complaint to determine whether venue is proper. The court must draw all reasonable inferences and resolve all factual conflicts in favor of the plaintiff." *Concesionaria DHM, S.A. v. Int'l Fin. Corp.*, 307 F.Supp.2d 553, 555 (S.D.N.Y. 2004) (citing *E.P.A. ex rel. McKeown v. Port Authority*, 162 F. Supp. 2d 173, 183 (S.D.N.Y. 2001)).

### C. 12(b)(6)

When ruling on a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Christie's Int'l PLC*, 699 F.3d at 145. However, the Court is not required to credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also id.* at 681 (citing *Twombly*, 550 U.S. at 551). "To survive a motion to dismiss, a complaint must contain sufficient factual matter ... to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). More specifically, the plaintiff must allege sufficient facts to show "more than a sheer possibility that a defendant has acted unlawfully." *Id.* If the plaintiff has not "nudged [his] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Twombly*, 550 U.S. at 570.

### D. *Pro Se* Plaintiff

"Because [Branch] is a *pro se* litigant, we read his supporting papers liberally, and will interpret them to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994).

### III. DISCUSSION

Defendants move to dismiss the complaint on various grounds including mootness, lack of personal involvement, failure to comply with F.R.C.P. 8, failure to state a cause of action, qualified immunity, and improper venue. Doc. 28 at 8.

### A. F.R.C.P. Rule 8

Defendants further argue that the complaint should be dismissed for failure to provide fair notice of its claim as required by F.R.C.P. Rule 8. Doc. 28 at 13.

Rule 8 requires a "short and plain statement" of a plaintiff's claim in order to "give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial." *Salahuddin v. Cuomo*, 861 F.2d 40, 41–42 (2d Cir. 1988). It is within the Court's

discretion to dismiss a complaint "so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Shomo v. New York*, 374 F. App'x. 180, 182 (2d Cir. 2010) (quoting *Salahuddin*, 861 F.2d at 42).

Here, Branch has alleged that he was denied "reasonable accommodations in the form of headphones and other necessary items" from February 10, 2020 through the date of filing this action in September 2020, including during the disciplinary proceedings he attended during his time in custody. Doc. 2 at 4. While Defendants believe that this is not specific enough to allow them to prepare for trial, the Court finds that these allegations, read in the liberal light accorded to *pro se* plaintiffs, is sufficiently clear to give notice of his claims. The exact level of Branch's hearing impairment, the type of assistive devices he might require, what other accommodations might be needed, and the dates and other individuals involved in the disciplinary hearings at which the accommodations were denied are details that can be determined in discovery between the parties. The motion to dismiss under Rule 8 is thus denied. *See Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995) (reversing dismissal of a claim where the complaint gave a timeframe, location, and description of the alleged violations).

### B. *Clarkson* Consent Decree

Defendants argue that the *Clarkson* consent decree and DOCCS Directive 2612 do not create a cause of action in federal court and instead must be raised in a contempt motion before the judge who issued the consent order. Doc. 28 at 14. They cite *A'Gard v. Perez*, 919 F. Supp. 2d 394, 403 (S.D.N.Y. 2013) to argue that violating a directive or regulation does not state a federal cause of action. However, *A'Gard* simply held that violation of notice requirements in prison regulations do not provide a basis for a § 1983 claim and did not address *Clarkson* or DOCCS Directives.

Individuals may bring a claim for money damages under the *Clarkson* consent decree. *See Figueroa v. Dean*, No. 99 Civ. 12457 (RWS), 2002 WL 31426205, at *3 (S.D.N.Y. Oct. 30, 2002). However, Defendants are correct that the claims must be brought in the form of a contempt motion. *See id.* at *4. The Court may construe a complaint as a contempt motion. *Id.* at *5; *Myers v. Andzel*, No. 6 Civ. 14420 (RWS), 2008 WL 4279524, at *2 (S.D.N.Y. Sept. 18, 2008). Further, a contempt proceeding need not be presided over by the judge who entered the consent decree. *See Figueroa v. Dean*, 425 F. Supp. 2d 448, 455 (S.D.N.Y. 2006) (reviewing a contempt motion despite not being the issuing judge). Lastly, "venue is appropriate as this Court has the power to enforce its consent decree even though the violations occurred without the district." *Figueroa*, 2002 WL 31426205, at *4 (citing *United States v. Twentieth Century Fox Film Corp.*, 882 F.2d 656, 666 (2d Cir. 1989)). The Court therefore will not dismiss the claims and instead will construe the complaint as a contempt motion.

Defendants request that they be allowed to fully brief the contempt motion and submit matters outside of the pleadings that are not allowed on a 12(b)(6) motion. Doc. 28 at 14 n.5. The Court therefore directs Defendants to submit their opposition to the motion for contempt.

### C. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss the complaint is DENIED. Defendants may submit an additional brief responding to the complaint as a contempt motion by March 21, 2022, and Branch may reply by April 11, 2022.

The Clerk of Court is respectfully directed to mail a copy of this order to the Plaintiff and to terminate the motion, Doc. 27.

It is SO ORDERED.

Dated:   February 28, 2022
           New York, New York

                                                    Edgardo Ramos, U.S.D.J.